UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER GLENN,<br><br>                Plaintiff,<br><br>v.<br><br>DEXCOM, INC.,<br><br>                Defendant. | Case No.: 22-cv-1866-JO-MMP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff Tyler Glenn moves for reconsideration [Dkt. 27] of the Court's Order denying Plaintiff's motion to remand this action to state court. Dkt. 25. For the reasons stated below, the Court DENIES Plaintiff's request for reconsideration.

///
///
///
///
///
///

# I. BACKGROUND

On November 23, 2022, Plaintiff filed a products liability action against Defendant Dexcom, Inc., a citizen of California, in state court. Dkt. 6, Ex. A. On November 28, 2022, prior to receiving service of the complaint, Defendant filed a notice of removal on the basis of diversity jurisdiction. Dkt. 1. Plaintiff then served Defendant with the complaint on December 2, 2022. Dkt. 6, Ex. B. On December 29, 2022, Plaintiff filed a motion to remand the action to state court arguing that Defendant could not remove on the basis of diversity jurisdiction as a forum defendant. Dkt. 6. Because Plaintiff failed to file his motion for remand within 30 days of the notice of removal as required by 28 U.S.C. § 1447(c), the Court denied Plaintiff's motion to remand as untimely. Dkt. 25. In response, Plaintiff filed this motion to reconsider. Dkt. 27.

# II. LEGAL STANDARD

Rule 59(e) allows a party to move to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P 59(e). Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). The Ninth Circuit has identified three grounds for reconsideration: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) clear error in the prior decision or a result of manifest injustice. *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998); *see Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "Clear error means that the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

# III. DISCUSSION

Although Plaintiff filed his motion to remand after the 30-day deadline, he still contends that it was timely. Plaintiff argues that because Defendant removed this action prior to official service of the complaint, the notice of removal was defective and did not

start the 30-day window for filing a motion to remand.[1] The Court will therefore start by examining whether a Defendant may validly remove an action to federal court prior to official service of the complaint.

28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." After a notice of removal is filed, a plaintiff then has 30 days to file a motion to remand. 28 U.S.C. § 1447(c).

While a defendant certainly is not required to remove a case before official service of the complaint, there is no binding authority on whether a defendant may remove an action before service is completed. The Supreme Court held that a defendant's 30-day deadline to remove a case does not start running until formal service of the complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (reasoning that this interpretation of section 1446(b) assures defendants adequate time to decide whether to remove a case). Neither the *Murphy Bros* case nor any Ninth Circuit cases, however, have addressed whether a defendant may validly remove prior to official service of the complaint. *See generally id.* District courts grappling with this issue have held that a defendant may remove a lawsuit before being served with either the complaint or summons. *Kuchta v. Nat'l R.R. Passenger Corp.*, 2022 WL 3650734, at *4 (N.D. Cal. Aug. 24, 2022) (holding that because plaintiff brought his case in state court and named the defendant as a party, the defendant "was entitled to remove the case under Section 1441(a) regardless of whether it had been served at the time of removal"); *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, 2013 WL 3197071, at *10 (S.D. Cal. June 20, 2013) (stating that defendant had standing to remove suit prior to being served because the case

---

[1] While Plaintiff does not specify the grounds on which he seeks reconsideration, the Court interprets the motion as arguing that the Court committed clear error in finding Plaintiff's motion to remand untimely and, thus, in declining to remand this action to state court.

had been initiated in state court); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214 (D. Haw. 2010) ("A complaint need only be filed to be removable.").

Here, Plaintiff has not demonstrated that it was clearly erroneous for the Court to find that Defendant's pre-service notice of removal was valid. Here, as in *Kuchta*, *Fontalvo*, and *Watanabe*, Defendant Dexcom filed its notice of removal after the complaint was filed in state court but before being served. Plaintiff filed his complaint against Dexcom on November 23, 2022, both initiating this action and rendering Dexcom an official defendant. *See* Cal. Civ. Proc. Code § 350 ("An action is commenced, within the meaning of this Title, when the complaint is filed."); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686–87 (9th Cir. 2005) ("[T]here is no defendant until a lawsuit has been properly initiated in state court."). Although Plaintiff did not formally serve Dexcom until December 2, 2022, the company chose to remove the case on November 28, 2022—five days after the complaint was filed. While Defendant need not have filed its notice of removal this early—pursuant to *Murphy Bros*, it had until 30 days after service to do so—Plaintiff points to no authority holding that removal is invalid simply because it occurred prior to service. Accordingly, the Court "is not left with a definite and firm conviction" that it erred in finding Defendant's pre-service removal valid and denying Plaintiff's motion to remand as untimely. 28 U.S.C. § 1447(c); *Smith*, 727 F.3d at 955. The Court denies Plaintiff's motion for reconsideration.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to reconsider its August 15, 2023 order denying Plaintiff's motion to remand.

**IT IS SO ORDERED.**

1 | Dated: December 11, 2023

_____
Honorable Jinsook Ohta
United States District Judge